GRISBAUM, Judge,
dissenting with written reasons.
Initially, I see the majority spent time analyzing the post-trial expert’s aspect of this appeal, which I must point out that, during oral arguments, all parties stipulated to exclude this report of the expert from our consideration.
I also note the language of the majority, which reads, “If the parties had intended that the agreement would be for a different term than the loan, it should have been stat *1176 ed in the agreement!,] and then concludes, “Therefore, we find that the trial court was correct in -finding a four[-]year term of the agreement.” I find a presentation of a logical analysis for their conclusion is non-existent. Accordingly, I reason that the purpose of this agreement was to provide an employment incentive to plaintiff. The plaintiff claims the only term in the entire agreement is the four-year term appearing in paragraph I.However, this ignores the guidelines of La.Civ.Code art. 2050 in that it does not give the meaning suggested by the contract as a whole.
Since I read the agreement to be an employment incentive agreement, the term of the agreement ended upon plaintiffs resignation from his job and the four-year term plaintiff claims regulates the agreement only applies to the plaintiffs repayment of the loan.
Our jurisprudence mandates that the contract as a whole must be considered in interpreting each provision. Importantly, this agreement reflects two obligations with two distinct terms. The first being the plaintiffs repayment of a loan by January 1, 1987. The second concerns the obligation of the bank’s repurchase of plaintiffs shares conditioned on when his employment ceases. Although it is not a true obligation, it is more like an option, since it did not have to be exercised. Since plaintiff chose not to exercise his right to require the bank to repurchase his stock when he resigned, he chose to reap the benefits of the then high selling stock. After the prices fell, plaintiff should not force the defendant to take a loss based on market conditions that affect the stock outside of the scope of the agreement. Accordingly, I find the four-year term only applies to the loan repayment.
Accordingly, I dissent.